

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Richard Campbell                    Charging Party
121 Lexington Avenue
West Babylon, NY 11704


Rite Aide Pharmacy                  Respondent
c/o Jonathan A. Wexler, Esq.
Vedder Price
1633 Broadway
47th Floor
New York, NY 10019

## EEOC Charge No.: 520-2013-01458

## DETERMINATION

On behalf of the U.S. Equal Employment Opportunity Commission ("Commission"), I issue the following determination on the merits of the subject charge filed under the Age Discrimination in Employment Act ("ADEA") of 1967, as amended. Richard Campbell herein referred to as Charging Party. Rite Aide Pharmacy is herein referred to as Respondent. Respondent is an employer within the meaning of the ADEA. All requirements for coverage have been met.

Charging Party alleges he was discriminated against due to his age, when Respondent disciplined and discharged him in connection to his age. Charging Party claims Respondent disciplined him in pretext, when he was issued disciplinary actions. Charging Party asserts that other store managers, younger than Charging Party, in his district had work deficiencies, but Respondent did not monitor, scrutinize or discipline them.

Charging Party further alleges that Respondent's age bias is supported in Respondent's decision to lay off older Managers, though it had work available for them.

Respondent denied all of Charging Party's allegations, including that Managers were laid off in connection to their age. Respondent disagreed that the issues Charging Party was disciplined for were unimportant. Regarding the layoff of older Managers, Respondent said there were no openings for them, thus they were laid off.

Comparative analysis and credible witness testimony supported Charging Party's allegations that he was discharged and older managers were laid off, in connection to their age. Contrary to Respondent's assertion that it laid off two older Managers because there were no openings for them; Investigation revealed Respondent had work available when the managers were laid off.

Investigation further revealed that Respondent is not in compliance with the recordkeeping regulations. Respondent asserted that it maintains records in connection to employee performance and discipline, but when EEOC requested this information Respondent did not produce it. Respondent explained that its Human Resources Department employees could not locate the information requested.

The Commission's investigation determined that Respondent's asserted defense failed to withstand scrutiny and Respondent's stated reasons for discharging Charging Party showed pretext and revealed work openings existed when Respondent laid off the older Managers.

Based on the above, the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party on account of his age and against a class of similarly situated individuals because of their age.

This determination is final. The ADEA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in an effort toward a just resolution of this matter. Enclosed is a letter outlining the proposed terms of conciliation.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with the ADEA and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

*Kevin J. Benjamin* (signature)
Kevin J. Berry,
District Director

FEB 28 2017