FILED
CLERK

11:38 am, Sep 17, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RICHARD CAMPBELL,
         Plaintiff,

v.

RITE AID CORPORATION,
         Defendant.
----------------------------------------------------------x

Case No.: 18-cv-1799 (SJF)(SIL)
**ORDER ADOPTING
REPORT &RECOMMENDATION**
(ECF No. 29)

FEUERSTEIN, Senior District Judge:

I. Introduction

    Before the Court is a Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated June 18, 2020 (hereafter, "Report"[1]) (*see* ECF No. 29):

    *A. Recommending* that the motion for summary judgement (hereafter, the "Motion")(*see* ECF No. 25) of Defendant Rite Aid Corporation (the "Company" or "Defendant"), which seeks the dismissal the claims of age discrimination brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290, *et seq.*, by Plaintiff Richard Campbell ("Campbell" or "Plaintiff"), be granted in its entirety with prejudice (*see* Report at 1, 16); and

    *B. Advising*, *inter alia,* that:  the Report was "being served on all parties by electronic filing on the date" of the Report, *i.e.*, June 18, 2020; "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of [its] receipt;" and, "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order" (Report at 16-17 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72, *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and, *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).)

---

[1]  The Court presumes the parties' familiarity with the terms of art defined in the Report, which are incorporated herein.

Plaintiff generally objects to the Report (hereafter, "Objection") (*see* ECF No. 31), claiming "the Magistrate Judge misinterpreted the evidence presented by Plaintiff" in opposing the Motion. (*Id.* at 1; *see also id.* at 3-4.) In response, the Company asserts that the Plaintiff's Objection "is based on a handful of unsupported conclusory statements in his self-serving affidavit that are insufficient to create a genuine issue of material fact regarding any of his claims" (ECF No. 32 ("Response") at 1-2), and, therefore, the Court should adopt the Magistrate Judge's recommendation that the Motion be granted. (*See id.* at 2-5.) For the reasons that follow, the Court overrules Plaintiff's objections and adopts Magistrate Judge Locke's Report in its entirety.

II. Background

The Plaintiff has not objected to the Magistrate Judge's recitation of the factual background which gives rise to this action, *i.e.*, that: after the Company's acquisition of Plaintiff's prior employer, Plaintiff became a manager of the Company's North Babylon, Long Island store (*see* Report at 2; *see also id.* (describing the general duties of a store manager)); after Michael Lysohir ("Lysohir") became a Company district manager in July 2011, he oversaw, *inter alia*, Plaintiff's store, which included visiting it two to three times each month and meeting with Plaintiff to check on store conditions, operations, and overall functioning (*see id.*); Plaintiff's job performance at the North Babylon store was deficient and ultimately resulted in the store being evaluated at a low level (*see id.* at 3-4; *see also id.* at 3 (describing Lysohir's concerns with Plaintiff's job performance)); Plaintiff agreed with the assessment that areas of his job performance needed improvement (*see id.* at 4); despite Plaintiff's subsequent transfer to the Huntington Station East store, a smaller Rite Aid store (*see id.*), he continued to exhibit deficiencies in his job performance; after Plaintiff became the manager of the Huntington Station East store, it was consistently ranked as one of the worst in the district under at least one of

2

several criteria (*see id.* at 5); despite Plaintiff's assurances that "he would 'meet Company expectations as regards store standards and operation' and 'hold associates accountable for timely completion of tasks,'" many of the same job performance deficiencies were noted in his September 2012 performance evaluation (*id.* at 6); and, because of "Plaintiff's continued failure to improve the store's performance despite nearly two years of assistance from Lysohir, he was terminated on November 26, 2012." (*Id.*)  Finding no error in Magistrate Judge Locke's presentation of the factual background of this case, it is adopted in its entirety.

III. Discussion

    *A. Applicable Standards*

        1. The Report and Recommendation Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  *See* Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error."  *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)).  The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985).  Whether or not proper objections have been filed, the district

judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### 2.  The Summary Judgment Motion Standard of Review

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018).  In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added; internal quotations and citation omitted)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted); *see also Hancock v. County of Rensselaer*, 823 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party.").  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586-87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted). Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)(quotations and citations omitted).

Furthermore, in moving for or opposing summary judgment, the Local Rules require parties to provide statements setting forth purported undisputed facts and responses to such asserted facts. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the

parties."), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). Each statement must be supported by citation to admissible evidence in the record, *see* Local Civil Rule 56.1(b), (d), and where a statement is not "specifically controverted," it "*will be deemed to be admitted* for purposes of the motion." Local Rule 56.1(c) (emphases added); *see also Giannullo*, 322 F.3d at 140 ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)); *Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, No. 09-cv-2614, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011)("Where a nonmovant . . . files a deficient statement, *courts frequently deem all supported assertions in the movant's statement admitted* and find summary judgment appropriate." (footnote omitted; emphases added)). To specifically controvert a statement of material fact, a nonmovant must do so with specific citation to admissible evidence. *See* Local Rule 56(d); *see also Ezagui v. City of N.Y.*, 726 F. Supp.2d 275, 285 n.8 (S.D.N.Y. 2010)(noting statements which a nonmovant does "not specifically deny–with citations to supporting evidence–are deemed admitted for purposes of [movant's] summary judgment motion") (collecting cases); *Universal Calvary Church v. City of N.Y.*, No. 96-cv-4606, 2000 WL 1745048, *2 n.5 (S.D.N.Y. Nov. 28, 2000). "'[W]here there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion.'" *Holtz*, 258 F.3d at 73-74 (2d Cir. 2001) (quoting *Watt v. N.Y. Botanical Garden*, No. 98-cv-1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000); further citations omitted). It is not the role of the Court to search the summary judgment record for evidence supporting a nonmovant's opposition. *See N.Y.S. Teamsters Conf. Pension & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648-49 (2d Cir. 2005)(recognizing authority of district courts to institute local rules governing summary judgment submissions, which permits

6

courts "to efficiently decide" such motions "by relieving them of the onerous task of 'hunt[ing] through voluminous records without guidance from the parties'" (further citations omitted)); *Ford v. Ballston Spa Cent. Sch. Dist.*, Nos. 05-cv-1198, 05-cv-1199, 2008 WL 697362, at *3 (N.D.N.Y. Mar. 13, 2008) (same).

### 3. The Age Discrimination Standard of Review

The Magistrate Judge properly analyzed Plaintiff's ADEA and NYSHRL age discrimination claims under the *McDonnell Douglas* three-part burden shifting analysis (*see* Report at 8 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); further citations omitted); *see also id.* at 10 (stating age discrimination analysis under NYSHRL is the same as under the ADEA; citations omitted)) pursuant to which a plaintiff needs only present a *prima facia* case of age discrimination,[2] a light burden, before the employer is required to present a non-discriminatory reason for its adverse employment action; if those two steps are satisfied, in order to defeat an employer's summary judgment motion, the plaintiff has to present a triable issue of fact that, but for his age, he would not have been terminated. (*See id.* at 9 (articulating standard; citations omitted).) No party has objected to the Magistrate Judge's articulation of the applicable analysis, which is adopted in its entirety.

---

[2] For this initial step, Magistrate Judge Locke stated:

> Campbell must establish a prima facie case of age discrimination by demonstrating that "(1) he was a member of the protected age group; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination."

(Report at 9 (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000))).)

7

### B. The Instant Case

#### 1. The Magistrate Judge's Report

While describing Plaintiff's "overall evidence [a]s thin," Magistrate Judge Locke, nonetheless, concluded it was sufficient to make out a *prima facie* case of age discrimination, thereby "warrant[ing] further analysis under the *McDonnell Douglas* burden shifting test." (Report at 12.) Notably, in determining Plaintiff satisfied his *prima facie* burden, the Magistrate Judge relied upon, *inter alia*, Plaintiff's affidavit. (*See id.* (citing Campbell Aff. (ECF No. 26-2), ¶¶8-10).)

Magistrate Judge Locke then shifted his focus to the Company's evidence to assess whether it had offered a legitimate, non-discriminatory reason for its actions, finding that the "Defendant . . . submitted sufficient evidence that Campbell was terminated as a result of his poor performance." (*Id.; see also id.* at 13.) Among other things, the Report highlights that Plaintiff admitted "his poor performance was the reason for his transfer" to the smaller Rite Aid store (*id.* at 12) and "acknowledged that []his pattern of poor performance led to his discharge." (*Id.* at 13.) Because "[t]he Second Circuit has made clear that an employee's poor performance constitutes a lawful nondiscriminatory reason for his or her termination," (*id.* (citing *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985); *Weber v. City of N.Y.*, 973 F. Supp.2d 227, 255 (E.D.N.Y. 2013)), the court found the Company "ha[d] provided ample evidence to demonstrate that Plaintiff's discharge was nondiscriminatory." (*Id.*)

With the Defendant having satisfied its *McDonnell Douglas* burden, Magistrate Judge Locke turned to Plaintiff's ultimate burden, *i.e.*, demonstrating that the Company's reason for terminating him was a pretext, stating, *inter alia*, that: "[t]he burden of establishing pretext is higher than what was required of Plaintiff to state his *prima facie* case of discrimination" (Report at 13); Plaintiff "may rely on the same evidence to demonstrate pretext as he used to support his prima facie case" (*id.* at 13, 14 (citations omitted)); and, to defeat Defendant's Motion, Plaintiff

8

"must provide evidence that, taken in his favor, raises a question of material fact regarding whether his age was the 'but for' cause of his termination." (*Id.* at 13 ("Demonstrating that age was a 'but for' cause 'does not mean 'that age was the employers [*sic*] *only consideration*, but rather that the adverse employment action *would not have occurred without it*.'" *Ehrbar v. Forest Hills Hosp.*, 131 F. Supp. 3d 5, 20 (E.D.N.Y. 2015) (emphasis in original; further citation omitted)).)

On the record presented, the Magistrate Judge found Plaintiff failed to present "sufficient evidence to create an issue of material fact as to whether age discrimination was the 'but for' cause of his termination," since Plaintiff "d[id] not dispute his poor work performance" and "the evidence establishes that Plaintiff agreed that his performance was a problem." (*Id.* at 14 (citing Campbell Dep. (ECF No. 25-4) 173:10-174:16; 264:8).) The Magistrate Judge fortified his recommendation with his additional finding that Plaintiff had "not presented sufficient evidence that Defendant's dissatisfaction with his performance was in any way pretextual," highlighting that in his Local Rule 56.1 counterstatement, Plaintiff "admit[ted] almost all of Defendant's facts, and for most of those he dispute[d], he d[id] so without the required citations to the record" (*id.* at 14; *see also id.* at 15), further noting that Plaintiff's affidavit, "submitted in opposition to the motion for summary judgment, is referred to only once in his [Local] Rule 56.1 [counter]statement, but does discuss the treatment of other older managers as evidence of age discrimination." (*Id.* at 15 (citing Campbell Aff., ¶¶7-20).) Of import, Magistrate Judge Locke observed that Plaintiff's statements regarding the other older managers were "largely conclusory and comprised of inadmissible hearsay" and "include[d] generalities such as older managers being critiqued based on ancillary issues, without any details about which managers were critiqued, who critiqued them, what was said or when." (*Id.* (citing Campbell Aff., ¶8); *see also id.* at 16 ("Had deposition testimony or affidavits been submitted from these individuals, or any other details that would allow further evaluation, the Court might have been able to consider

9

them, but no such evidence was offered.").)  Therefore, the Magistrate Judge found Plaintiff's affidavit insufficient to defeat Defendant's Motion.  (*See id.* at 16.)

        2. Consideration of Plaintiff's Objection

The Plaintiff's Objection to the Report is unsustainable.  He is incorrect that Magistrate Judge Locke "misinterpreted the evidence" Plaintiff presented in opposing the Company's Motion (Objection at 1).  To the contrary and as is plain from the Report, the Magistrate Judge Locke considered the entire record presented in making his recommendation, including: the parties' Local Rule 56.1 statements; Plaintiff's Affidavit and his deposition testimony; and, Lysohir's Affidavit and various exhibits attached to said Affidavit.  In doing so, Magistrate Judge Locke employed his broad discretion in overlooking Plaintiff's noncompliance with Local Rule 56.1, *see Holtz*, 258 F.3d at 73 (stating a court has "broad discretion" to overlook a party's noncompliance with local rules and, with that discretion, may opt to conduct an assiduous review of the record (quotation marks and citations omitted)), which instructs, *inter alia*, that to specifically controvert a statement of material fact, a nonmovant must do so with specific citation to *admissible* evidence, and where a statement is not "specifically controverted," it "*will be deemed to be admitted* for purposes of the motion."  Local Rule 56.1(c) (emphasis added); *see also supra* at Part III(A)(2) at pp. 5-7 (discussing applicable law and collecting cases). Magistrate Judge Locke properly interpreted the record evidence, finding that while the Plaintiff "admit[ted] almost all of Defendant's facts," as to those which he disputed, Plaintiff "d[id] so without the required citations" (Report at 14-15), and in the one instance Campbell disputed a fact relying upon his affidavit (*see* Report at 15), that was done without specificity (*see* Pl.'s Local Rule 56.1 Counterstatement (ECF No. 26-3), ¶25 (citing Campbell Aff., *in toto*)).  *Cf., e.g., EC ex rel. RC v. County of Suffolk*, 882 F. Supp.2d 323, 338 n.5 (E.D.N.Y. 2012)("Mere reference, for example, to an entire deposition is not 'specific'.").  Given the applicable Local Rules and case law, the Magistrate Judge was under no obligation to go beyond the parties' Rule

56.1 statements in making his recommendation regarding the Motion, which recommendation would be supported by consideration of those statements alone. *See, e.g., Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470-71 (2d Cir. 2002)("[B]ecause nothing in the federal rules mandates that district courts conduct an exhaustive search of the entire record before ruling on a motion for summary judgment, district courts are entitled to order litigants to provide specific record citations."); *see also Rodriguez v. Nassau County*, No. 16-cv-2648, 2019 WL 4674766, at *9 (E.D.N.Y. Sept. 25, 2019) ("A district court is 'under no obligation to engage in an exhaustive search of the record' when considering a motion for summary judgment." (quoting *Jones v. Goord*, 435 F. Supp.2d 221, 259 (S.D.N.Y. 2006) (citing *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470–71 (2d Cir. 2002))); further citations omitted); *Patacca v. CSC Holdings*, LLC, No. 16-cv-679, 2019 WL 1676001, at *17 (E.D.N.Y. Apr. 17, 2019)(ruling it is "not role of the Court to search the summary judgment record for evidence supporting" a party's position)(citations omitted). If, however, as is the case here, a court employs its discretion in looking beyond the parties' Rule 56 statements to examine proffered evidence, error will not be had. *See Holtz*, 258 F.3d at 73.

Further, that branch of Plaintiff's Objection based upon his contention that the Magistrate Judge erroneously "dismisse[d] Plaintiff's affidavit as containing hearsay and holding no probative value" is untenable. (Objection at 3.) The Magistrate Judge "generously construed" Plaintiff's affidavit in a light most favorable to him, *see Peters v. Molloy Coll. of Rockville Ctr.*, No. 07-cv-2553, 2010 WL 3170528, at *3 (E.D.N.Y. Aug. 10, 2010)(quoting *Federal Deposit Ins. Corp. v. Arcadia Marine, Inc.*, 642 F. Supp. 1157, 1160 (S.D.N.Y. 1986)), thereby rejecting Defendant's argument that Plaintiff could not meet his *prima facie* burden of stating an age discrimination claim (*see* Def.'s Support Memo. (ECF No. 25-2) at 8-9). Absent a finding of probative value, Plaintiff would have been unable to cross the threshold hurdle of *McDonnell*

11

*Douglas* burden-shifting analysis. (*See* Report at 11-12 (citing Campbell Aff., ¶¶8-10).) As such, there is no merit to this portion of Plaintiff objection.

      Nor was it erroneous for the Magistrate Judge to decline to consider Campbell's affidavit in determining whether Plaintiff had established a triable issue of fact as to the final, pretext component of the *McDonnell Douglas* analysis. Plaintiff maintains the Magistrate Judge erred in not considering the affidavit because his affidavit was clearly based upon his personal knowledge. (*See* Objection at 3.) That, however, is only one of three components required of an affidavit used to oppose a summary judgment motion; pursuant to Rule 56(c)(4), such an affidavit "must [1] be made on personal knowledge, [2] set out facts that would be admissible in evidence, and [3] *show that the affiant . . . is competent to testify on the matters stated*." Fed. R. Civ. P. 56(c)(4) (emphasis added). As the Company alludes, Plaintiff has not established that he was competent to testify to many of the matters averred in his affidavit, especially those regarding the other older managers. (*See* Response at 3 (arguing "Plaintiff does not explain the basis for what he alleges is his 'personal knowledge' of the employment circumstances of the other Rite Aid employees").) Indeed, the Magistrate Judge noted the deficiencies of Campbell's averments in explaining why he would not consider the affidavit in assessing the pretext prong. (*See* Report at 15 ("The conclusory statements [about the other older managers] include generalities such as older managers being critiqued based on ancillary issues, without any details about which managers were critiqued, who critiqued them, what was said or when."); *see id.* at 16 ("Had deposition testimony or affidavits been submitted from these individuals, or any other details that would allow further evaluation, the Court might have been able to consider them, but no such evidence was offered.").) "However, where an affiant may lack personal knowledge of the facts set forth in h[is] declaration, if the averments are based on 'clearly referenced . . . documents and deposition transcripts' that are 'clearly identifiable' and have been produced during discovery, the court *may* find the declaration admissible." *Peters*, 2010 WL 3170528, at

12

\*2 (quoting *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.,* No. 05-cv-776, 2007 WL 2728898, at \*1 (E.D.N.Y. Sept.14, 2007)). *De novo* review of the record demonstrates that was not the case here as, for example, Plaintiff did not proffer any EEOC documentation he alluded to regarding the other older managers (*cf.*, Campbell Aff., §§ 12, 15), nor did he present affidavits or deposition testimony from those persons which would substantiate his averments. Thus, no error lies with Magistrate Judge Locke's decision not to consider Campbell's affidavit. *See id.* ("[A] court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." (further citations omitted)).

Rather, in the absence of "some hard evidence showing" that the Company's reason for terminating Campbell was a pretext, *see Miner*, 541 F.3d at 471, Plaintiff's acknowledgement of his poor job performance (*see* Report at 14) was sufficient to support Magistrate Judge Locke's recommendation that the Company's Motion be granted. *See, e.g., Markovich v. City of N.Y.*, 588 F. App'x 76, 77 (2d Cir. 2015) ("While [plaintiff] established a prima facie case of discrimination, he did not dispute the accuracy of the observations reported in his negative performance reviews."); *see also Meiri,* 759 F.2d at 997 (recognizing poor job performance is a valid and nondiscriminatory reason for discharge); *Weber*, 973 F. Supp. 2d at 255 (collecting cases re: poor job performance as nondiscriminatory reason for adverse employment action). As the Company aptly argued, "[P]laintiff cannot rely on unsupported allegations about other employees to oppose summary judgment in the face of undisputed facts regarding his own situation." (Response at 6.) Indeed, having declined to consider Plaintiff's deficient affidavit, and with no other evidence from Plaintiff, Magistrate Judge Locke properly concluded that "Plaintiff fail[ed] to submit sufficient evidence that his termination for poor performance was pretextual, or that age was the 'but for' cause of his adverse treatment," and properly recommended that this Court grant Defendant's Motion. (Report at 16.) *See Celotex*, 477 U.S.

13

at 322 (holding summary judgment is warranted, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *accord El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2187 (2017); *see also, e.g., Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) ("[W]here the nonmoving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden [of showing the absence of a genuine dispute as to any material fact] by pointing to an absence of evidence to support an essential element of the nonmoving party's case[.]" (quotations, alterations and citation omitted)).

\* \* \*

To the extent not articulated, the Court has considered Plaintiff's remaining arguments in support of his objections to the Report and finds them to be without merit. Having conducted a *de novo* review of the record, notwithstanding the general nature of Plaintiff's objections, no error is found in the Report; thus, Plaintiff's objections are overruled and Magistrate Judge Locke's well-reasoned recommendation regarding the Company's Motion is adopted in its entirely. (*See* Report at 16.)

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Defendant's Motion is granted; the Clerk of Court is directed to enter judgment in Defendant's favor and then close this case.

IT IS FURTHER ORDERED that the October 29, 2020 Status Conference scheduled in this case is marked off the Court's calendar.

SO ORDERED this 17th day of September 2020 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge